# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 06-50712
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LOUIS ALFONSO KREZDORN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-290

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Louis Alfonzo Krezdorn (Krezdorn) appeals his conviction, following a jury trial, of various offenses arising out of payments he made to obtain illegal access to the Eagle Pass port of entry computer database. Krezdorn contends that the district court erred in denying his motion to suppress his March 12, 2003 sworn confession because law enforcement failed to inform him of his rights under Miranda v. Arizona, 384 U.S. 436, 479 (1966). He alternatively argues that his confession was not voluntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"We have long pitched the standard of review for a motion to suppress based on live testimony at a suppression hearing at a high level." United States v. Randall, 887 F.2d 1262, 1265 (5th Cir. 1989). "In reviewing the denial of the defendant's motion to suppress, we review the district court's factual findings, including its credibility choices, for clear error, and its legal conclusions de novo." United States v. Solis, 299 F.3d 420, 435 (5th Cir. 2002). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." United States v. Jacquinot, 258 F.3d 423, 427 (5th Cir. 2001). Suppression hearing evidence must be "viewed in the light most favorable to the prevailing party." Id.

A person subject to interrogation by government agents need be Mirandized "only where there has been such a restriction on a person's freedom as to render him in custody." Oregon v. Mathiason, 429 U.S. 492, 495 (1977). A person not formally arrested is deemed to be in custody "when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." United States v. Courtney, 463 F.3d 333, 337 (5th Cir. 2006) (internal quotation marks and citation omitted).

"A confession is voluntary if, under the totality of the circumstances, the statement is the product of the accused's free and rational choice." United States v. Bell, 367 F.3d 452, 461 (5th Cir. 2004)(citation omitted). The Government bears the burden of proving by a preponderance of the evidence that a challenged confession was voluntary. Id.

Although signed at the United States Customs Office, Krezdorn's affidavit states that his confession was given voluntarily and that he understood that he was not in custody. At the hearing, agents testified that they told Krezdorn that he was free to leave at any time. The agents also testified that that they were neither armed nor in uniform when they met with Krezdorn, that they neither threatened him nor promised him leniency, that they neither frisked nor

handcuffed him, that he did not ask to speak to a lawyer or stop the interview at any point, and that he contributed to and reviewed the affidavit prior to signing. Although Krezdorn contradicted most of the agent's assertions, the district court did not find him credible, and he makes no showing that the court's credibility determination was clearly erroneous. Under these circumstances, the district court did not err in denying the motion to suppress. See Courtney, 463 F.3d at 337 (5th Cir. 2006); Bell, 367 F.3d at 461.

AFFIRMED.